■ TROY NEWS COMPANY, INC., Appellant, v CITY OF TROY et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 16, 1990 in Rensselaer County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint.

At issue on this appeal is whether the releases signed by plaintiff in settling a prior action against defendants bar this action. Supreme Court held that the releases were general releases which barred future claims, including the ones asserted in this action. Defendants' motions for summary judgment were granted, resulting in this appeal by plaintiff.

Plaintiff is the owner of real property in the City of Troy, Rensselaer County, bounded on the north by Liberty Street, on the east by Fifth Avenue and on the south by Washington Street. Retaining walls separate plaintiff's property from Fifth Avenue since plaintiff's property is at a lower grade. Pursuant to a contract dated March 4, 1977, defendant McGill Brothers Construction Corporation reconstructed portions of defendant City of Troy's streets, including Fifth Avenue. In April 1979 a section of the retaining wall near the southeast corner of plaintiff's property collapsed, causing damage to plaintiff's property. Plaintiff commenced an action against the city and McGill alleging negligence and trespass causes of action (hereinafter the earlier action). According to the complaint in the earlier action, the collapse was caused by improper design, construction, repair and maintenance of the wall and by improper filling, compacting and grading behind the wall. The

action was settled and plaintiff executed a release for each defendant.

In April 1987 a different section of retaining wall collapsed, causing damage to plaintiff's property, and plaintiff commenced this action against the city and McGill. The complaint in this action again alleges causes of action sounding in negligence and trespass and again alleges that the collapse was due to improper design, construction, repair and maintenance of the wall and by improper filling, compacting and grading behind the wall. Plaintiff does not claim that either defendant has done any work in the vicinity since McGill completed its construction project prior to the 1979 incident.

The releases at issue are worded differently and, therefore, must be considered separately. By the release given to McGill, plaintiff released any claim "it ever had, now has or which it or its successors hereafter can, shall or may have for, upon or by reason of liability arising from occurrences and events forming the basis of the [earlier action] and for any or all claims for damages caused by collapses of a certain retaining wall and for any damages resulting from work performed and materials supplied [pursuant to the March 4, 1977 contract]". Since the claims against McGill in this action are clearly based upon liability arising from the occurrences and events which formed the basis of the earlier action, and since the complaint seeks damages resulting from work performed by McGill pursuant to the March 4, 1977 contract, we agree with Supreme Court that this action is barred by the release given by plaintiff to McGill. The language of the release is clear and unambiguous. This is not a case where the release contains a specific reference to a particular claim being released and concludes with the standardized ritualistic language of a general release (see, Green v Lake Placid 1980 Olympic Games, 147 AD2d 860, 862).

We reach a contrary conclusion regarding the release given to the city. In contrast to the wording of the release given to McGill, which clearly encompassed future claims, the release given to the city is specifically limited to all claims which plaintiff "has or could maintain against [the] City * * * for any matter, thing or negligence done or suffered to be done prior to the date of the date hereof, and particularly of and from all claims, demands and causes of action which it has or could maintain against said City because of the damages on [April 1, 1979]". Since the claim asserted in this action is based upon damages which were sustained long after the execution of the release and which are separate and distinct

from the damages sustained on April 1, 1979, the release does not bar this action. The release contains no reference to future claims, but instead is limited to claims which were then in existence (see, Lanni v Smith, 89 AD2d 782).

Order modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant City of Troy for summary judgment; said cross motion denied; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.