■ GEORGE R. RUFF et al., Appellants, v LEE ZOLDAN, INC., Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered December 6, 1989 in Orange County, upon a dismissal of the complaint at the close of plaintiffs' case.

Plaintiff George R. Ruff (hereinafter plaintiff) was injured while making a delivery of freight to defendant. By plaintiff's account, the injury occurred when he was assisting defendant's employees in transporting a large industrial water heater into defendant's warehouse on a hand truck. The hand truck was being pulled by one of defendant's employees, who had one hand on each handle of the truck, and plaintiff and another of defendant's employees walked on either side with their hands on the water heater to stabilize the load. While approaching a passageway, the water heater toppled, injuring plaintiff. Plaintiff testified that he did not know what caused

the water heater to fall. He also testified that, based upon his 23 years of experience, the accepted manner of pulling a hand truck is "to have [one] hand on the freight and one hand on the handtruck". Supreme Court determined that plaintiffs failed to establish a prima facie case and dismissed the complaint at the conclusion of plaintiffs' case. Plaintiffs appeal.

There should be an affirmance. Viewing the evidence in the light most favorable to plaintiffs (see, *Lipsius v White,* 91 AD2d 271, 276) and giving them the benefit of every inference which could be reasonably drawn from the facts presented at trial (see, *O'Neil v Port Auth.,* 111 AD2d 375, 376), it is our view that the jury could not have found for plaintiffs by any rational process (see, supra). We agree with defendant that the issue of proper hand truck operation did not require "professional or technical knowledge * * * beyond the ken of the typical juror" (*De Long v County of Erie,* 60 NY2d 296, 307; see, *Dougherty v Milliken,* 163 NY 527, 533; *Hall v New York Tel. Co.,* 168 App Div 396, 400-401; Richardson, Evidence § 367 [Prince 10th ed]), and that Supreme Court correctly refused to consider plaintiff's purported "expert" testimony in this regard. In the absence of evidence of negligence, and particularly in view of plaintiff's testimony that he had no idea what caused the water heater to fall, the complaint was properly dismissed (see, *Benjamin v City of New York,* 99 AD2d 995, 996, *affd* 64 NY2d 44).

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.