■ TROY NEWS COMPANY, INC., Appellant-Respondent, v CITY OF TROY, Respondent-Appellant, and McGILL BROTHERS CONSTRUCTION CORPORATION, Respondent. [635 NYS2d 792] —Peters, J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered May 4, 1994 in Rensselaer County, upon a dismissal of the complaint at the close of plaintiff's case, (2) from the judgment entered thereon, and (3) from an order of said court, entered May 3, 1994 in Rensselaer County, which denied defendant City of Troy's motion for sanctions and counsel fees.

This action arises out of a collapse of a wall abutting plaintiff's property in the City of Troy, Rensselaer County, in April 1987. Plaintiff contends that the collapse was caused by reconstruction of the street abutting the wall which took place between 1976 and 1978. It is uncontested that the street is owned by defendant City of Troy (hereinafter the City) who hired defendant McGill Brothers Construction Corporation to reconstruct the street.

As a result of the collapse, plaintiff instituted an action alleging three causes of action against each defendant: trespass, negligence and equitable relief. After issue was joined, pursuant to a motion by defendants seeking summary judgment, an order was entered in January 1990 granting the requested relief due to the existence of a release from a prior settlement. Upon appeal, this Court modified such judgment by reversing that portion of the order which granted summary judgment to the City (167 AD2d 730).[1]

At the trial held in September 1993, Supreme Court, at the close of plaintiff's case, granted the City's motion to dismiss the complaint for failure to make out a prima facie case. The City thereafter made a posttrial motion for sanctions and counsel fees pursuant to CPLR 8303-a, which was denied. Both parties appeal.

Addressing first the negligence cause of action, plaintiff claimed that either ownership or part ownership of the wall created a duty on the part of the City to maintain the wall in a safe condition and that the City's failure to maintain such wall during excavation caused it to collapse and damage plaintiff's property. While the issue of ownership was not submitted to the jury, we find no error because even with every favorable inference which can reasonably be drawn from the evidence given to plaintiff, there was a failure to prove causation either due to the lack of maintenance of such wall or as a result of the excavation conducted between 1976 and 1978 (*see, Ruff v Lee Zoldan, Inc.*, 171 AD2d 944, 945; *Natale v Niagara Mohawk Power Corp.*, 135 AD2d 955, 956, *lv denied* 71 NY2d 804). Thus, we find that Supreme Court properly dismissed this cause of action since "by no rational process could the jury find

---

1. At the time that Supreme Court granted the motion for summary judgment to both defendants, it also dismissed the City's cross claim for indemnity against McGill Brothers. Although we later affirmed the grant of summary judgment to McGill Brothers, such defendant remains in this action for purposes of indemnity.

in favor of the nonmoving party" (*O'Neil v Port Auth.*, 111 AD2d 375, 376; *see, Ruff v Lee Zoldan, Inc., supra*, at 945).[2]

Plaintiff having abandoned his appeal of Supreme Court's dismissal of the trespass cause of action,[3] we next address Supreme Court's dismissal of the equitable claim. As a hybrid claim consisting of elements of both trespass and negligence, we find that since the trespass cause of action was dismissed and we have upheld the dismissal of the negligence cause of action, the hybrid claim must similarly fail. We further note the absence of any proof submitted by plaintiff which would nonetheless justify the imposition of equitable relief (*cf., Theofilatos v Koleci*, 105 AD2d 514, 515).

As to the remaining contentions raised by the City, we find such issues to either be abandoned (*see, Pelleschi v City of Rochester*, 198 AD2d 762, 763, *lv denied* 83 NY2d 752) or not relevant in light of the instant determination.

The orders and judgment of the Supreme Court are affirmed.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the orders and judgment are affirmed, without costs.

---

2. Although not included in the record, a decision by Supreme Court (Keegan, J.) is referred to therein which apparently precluded plaintiff from bringing in expert testimony.

3. Notwithstanding that plaintiff's appeals were taken from the entire order and judgment, plaintiff has expressly abandoned Supreme Court's dismissal of this claim both in its brief and at oral argument.