■ GARY J. FREDERICKS et al., Appellants, v CITY OF ELMIRA, Respondent. [644 NYS2d 822] —Casey, J. ■

Plaintiff Gary J. Fredericks (hereinafter plaintiff), who was injured while providing assistance to two members of defendant's Police Department, contends that Supreme Court erred in dismissing his cause of action to recover damages based upon General Municipal Law § 71-a,* which imposes absolute liability on a municipality for damages arising from the personal injury or death of persons killed or injured while aiding police officers at their direction in making arrests (*see,* *Schuster v City of New York,* 5 NY2d 75, 84 [explaining the effect of former Penal Law § 1848, which is the predecessor to General Municipal Law § 71-a]). As relevant to the facts of this case, General Municipal Law § 71-a applies only if (1) the plaintiff was "lawfully commanded to aid a police officer * * * in effectuating or securing an arrest", and (2) the plaintiff's injury "arises out of and in the course of aiding such officer". The parties to this appeal focus on the command element and offer conflicting interpretations of the evidence relevant to the issue of whether the police officers' requests for assistance rose to the level of a command (*see,* *Schiaroli v Village of Ellenville,* 111 AD2d 947, 948). We conclude, however, that the undisputed evidence in the record establishes defendant's entitlement to summary judgment on the basis of a different element.

It is clear from the evidence in the record that plaintiff's injury arose out of and in the course of the assistance he was providing to the police officers, but it is equally clear that plaintiff was not assisting the officers in effectuating or securing an arrest. The officers testified that they were attempting to determine the whereabouts of a fugitive who had failed to appear for sentencing on a nonviolent felony charge. The officers first went to the apartment house owned by plaintiff where the fugitive was a tenant. When there was no response to their knock on the door to the fugitive's apartment, the officers decided to obtain a key to the apartment. The officers testified that they did not believe the fugitive was hiding in the apartment, but knowing the fugitive's fear of jail they were concerned that he might have killed himself. They acted accordingly, with both of them leaving the apartment house and

---

* The complaint also includes a negligence cause of action, but we deem any argument regarding this claim to be abandoned as a result of plaintiffs' failure to raise the issue on appeal (*see,* *Troy News Co. v City of Troy,* 222 AD2d 981, 983, n 3).

driving to plaintiff's place of business to request a key. Plaintiff refused to give them a key, but agreed to go to the apartment house and open the door to the fugitive's apartment. After finding the apartment empty, plaintiff and the two officers looked in the attic of the apartment and were on their way to the basement when plaintiff slipped and fell.

It is undisputed that the officers did not know the fugitive's whereabouts when they sought plaintiff's assistance, and it is equally clear that they could not effectuate an arrest until they first located the fugitive. Plaintiff was injured while assisting the officers in their effort to locate the fugitive and at a time when the fugitive's whereabouts was still unknown. In these circumstances, we agree with Supreme Court that plaintiff's assistance was being provided at the investigatory stage and that the matter had not proceeded to the stage where the officers were effectuating or securing an arrest. We conclude that, as a matter of law, the injuries sustained by plaintiff did not arise out of and in the course of aiding the officers in effectuating or securing an arrest.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.