■ ROSALIA JULIAN et al., Appellants, v ANNETTE SEMENTELLI et al., Respondents. [651 NYS2d 678] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered May 16, 1995 in Broome County, upon a dismissal of the complaint at the close of all of the evidence.

Plaintiffs commenced this action to recover for personal injuries sustained by plaintiff Rosalia Julian (hereinafter plaintiff) on January 5, 1992 when she fell down outside the Skylark Diner in the Town of Vestal, Broome County, on property owned by defendant Skylark Services of Vestal, Inc. or defendant Skylark Econolodge of Vestal, Inc. The incident took

place as plaintiff, her daughter (Mona Amorese) and her friend (defendant Annette Sementelli) were about to enter the diner, when Sementelli apparently tripped on a slightly elevated sidewalk slab, knocked plaintiff to the ground, and then stumbled and fell on top of her. The action proceeded to trial and, at the close of all of the evidence, Supreme Court granted defendants' motion for a directed verdict and dismissed the complaint. Plaintiffs appeal.

We affirm. Viewing the evidence in a light most favorable to plaintiffs and giving them the benefit of every inference that could be reasonably drawn from the facts presented, we conclude that the jury could not have found for plaintiffs by any rational process (*see, Ruff v Lee Zoldan, Inc.*, 171 AD2d 944, 945). The evidence showed that plaintiff and Sementelli were regular patrons of the Skylark Diner and had apparently walked the subject sidewalk on a number of occasions without noting any defects. In addition, although the diner served approximately 800 to 1,200 patrons per day, none had ever fallen or complained of any defects on the sidewalk. On the day in question, plaintiff and Sementelli walked side-by-side, with plaintiff on the right (closest to the parking lot) and Sementelli on the left. Of the individuals present on the scene, only Sementelli was able to state the cause of her fall. She testified: "We got out and we started walking up the block. I was walking. All of a sudden I felt like I was tackled. I went down and I went to the right of me, knock[ing] [plaintiff] over. * * * The sidewalk was elevated a little and there was a chip, like a half moon. That's where I caught my shoe."

Although neither Sementelli nor any other witness offered any testimony with regard to the actual height or extent of the alleged elevation or chip, Sementelli identified the site on photographs that were received in evidence at the trial. Our examination of those photographs shows only a slight height differential between two slabs of the sidewalk, which (as correctly observed by Supreme Court) appears to diminish from the right side of the sidewalk to the left. In view of the fact that Sementelli walked on the left side of the sidewalk, we must conclude that she encountered the area of slightest—in fact, negligible—height differential. We also note that, although the day was sunny and bright and there was no snow or other substance on the sidewalk, neither plaintiff, Sementelli nor Amorese were able to observe the alleged defect prior to the accident.

Under the circumstances, we agree with Supreme Court's legal conclusion that the defect was so trivial that it cannot

give rise to actionable negligence against the owner of the property (*see*, *Morales v Riverbay Corp.*, 226 AD2d 271; *Guerrieri v Summa*, 193 AD2d 647). The evidence established that Sementelli merely stumbled, stubbed her toe or tripped over a raised projection that possessed none of the characteristics of a trap or snare (*see*, *Morales v Riverbay Corp.*, *supra*) and, in contrast to the facts underlying *Evans v Pyramid Co.* (184 AD2d 960) and, more recently, *Tracy v St. Patrick's Church* (234 AD2d 871 [decided herewith]), in this case there was no evidence quantifying the extent of the alleged defect.

As a final matter, based upon our review of the record, we conclude that there is insufficient evidence to make out a prima facie case of negligence against Sementelli. There being no evidence that Sementelli engaged in any kind of conduct that caused or heightened the risk of the accident, the complaint was properly dismissed against her as well.

Under the circumstances, we need not consider the parties' remaining contentions.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.