■ FLORENCE TRACY, Respondent, v ST. PATRICK'S CHURCH et al., Appellants. [651 NYS2d 680] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 12, 1996 in Franklin County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a 78-year-old woman, fell while walking on a sidewalk in front of defendant St. Patrick's Church in the Town of Chateaugay, Franklin County. Plaintiff commenced this action to recover damages for a broken wrist and other injuries she allegedly sustained due to the height differential between two of the five-foot by five-foot slabs of the concrete sidewalk area in front of the church. After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding that the papers submitted raised a question of fact as to whether the elevation of from three quarters of an inch to an inch was so trivial that an accident could not reasonably have been foreseen. This appeal ensued.

The order of Supreme Court should be affirmed. Defendants' argument that the defect in the sidewalk was so trivial in the circumstances of this case as not to be actionable as a matter of law is rejected.

The evidence revealed that the elevation differential between the two slabs causing plaintiff to trip and fall was from three quarters of an inch to an inch. Plaintiff testified in her deposition that she "walked along with the crowd until I reached this spot, and I tripped". There was evidence that the elevation differential where plaintiff allegedly fell had existed for a long time prior to this incident. Donald Cudworth, a former part-time employee of the church from July 1987 through August 1993, said in his affidavit that his duties required him to shovel the snow from the sidewalk and that the shovel would get caught or stopped at the juncture of the slabs where the elevation differential was present. Plaintiff also produced a photo of the accident area.

While " '[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection' " (*Guerrieri v Summa*, 193 AD2d 647, quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006; *see, Morales v Riverbay Corp.*, 226 AD2d 271), our decision here is controlled by *Evans v Pyramid Co.* (184 AD2d 960). In that case we held, in a similar factual situation, that the issue of whether a sidewalk was in a reasonably safe condition for pedestrians depends on the facts and circumstances of the particular case (*id.*, at 960). Here, as in *Evans*, "a question of fact has been raised as to whether the defect was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would happen" (*id.*, at 960).

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.