■ Vanessa Dumas, Respondent-Appellant, v Valley View House, Inc., Appellant-Respondent. [652 NYS2d 399] —Mercure,

J. P. Cross appeals from a judgment of the Supreme Court (Torraca, J.), entered November 29, 1995 in Sullivan County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for whiplash-type injuries she allegedly sustained in a December 30, 1993 vehicular accident. The action proceeded to trial and on the issue of "serious injury" (see, Insurance Law § 5102 [d]), Supreme Court submitted for the jury's consideration the questions of whether plaintiff sustained (A) a permanent loss of use of a body organ, member, function or system, (B) a permanent consequential limitation of use of a body organ or member, (C) a significant limitation of use of a body function or system, or (D) a medically determined injury or impairment of a nonpermanent nature that prevented plaintiff from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. The jury responded "no" to the first question and "yes" to the second; consistent with Supreme Court's instructions, it did not consider the remaining categories of serious injury. The jury then proceeded to find in favor of plaintiff on the issues of negligence and proximate causation and awarded damages of $45,000 for past and $250,000 for future pain and suffering.

Defendant appeals from the judgment entered on the jury's verdict, contending that Supreme Court gave an erroneous missing witness charge with regard to defendant's examining physician, who was vacationing in Florida and thus unavailable to testify, that the trial evidence did not support the jury's finding of serious injury and that the damage award was excessive. Plaintiff cross-appeals (as limited by her brief) from so much of the jury's verdict as found that she did not sustain a permanent loss of use of a body organ, member, function or system.

We agree with defendant that there was insufficient evidence to support the jury's finding that plaintiff sustained a permanent consequential limitation of use of a body organ or member. The only medical evidence on the issue of permanence was offered by Paul Seniw, plaintiff's treating chiropractor. Seniw concluded his direct testimony with the opinions that plaintiff had lost some degree of lumbar mobility, that she was limited with regard to activities that required heavy lifting or bending or sitting for extended periods of time, and that her condition is permanent. On cross-examination, however, he acknowledged that by "permanent" he meant only that

plaintiff *may* from time to time experience residual symptoms proportional to her level of activity or, stated another way, that there will always be the *possibility* of plaintiff experiencing residual symptoms. Given the fairly inconsequential nature of plaintiff's injuries, i.e., sprains or strains manifesting few, if any, objective signs or symptoms and resulting only in a relatively minor limitation of range of motion and intermittent pain, Seniw's inability to state his opinion of permanence within an acceptable degree of medical certainty is fatal (*see, Gaddy v Eyler,* 79 NY2d 955, 957-958; *Leschen v Kollarits,* 144 AD2d 122, 123; *Kordana v Pomellito,* 121 AD2d 783, 784-785, *appeal dismissed* 68 NY2d 848). For the same reason, we are unpersuaded by plaintiff's challenge (improperly raised as a cross appeal [*see, Kelley v Balasco,* 226 AD2d 880] but correctly asserted as an alternative basis for affirmance [*see, Panetta v Tonetti,* 182 AD2d 977-978, *lv denied* 80 NY2d 756]) to the jury's finding that plaintiff did not sustain a permanent loss of use of a body organ, member, function or system.

Under the circumstances, we need not consider the parties' remaining contentions. As a final matter, we note that plaintiff raised no objection to Supreme Court's instruction that the jury discontinue its consideration of the issue of serious injury when it made an affirmative finding with regard to one of the four categories that had been submitted for its consideration and, further, that on the present appeal plaintiff raises no issue concerning the propriety of that charge or contention that she would have satisfied the serious injury threshold under one of the categories that the jury did not consider. Under the circumstances, any such issue is unpreserved for our consideration (*see, Savage v Shea Funeral Home,* 212 AD2d 875, 876; *Dutcher v Fetcher,* 183 AD2d 1052, 1054, *lv denied* 80 NY2d 761) and has been abandoned in any event (*see, Fredericks v City of Elmira,* 228 AD2d 911, *lv denied* 88 NY2d 815; *Pellescki v City of Rochester,* 198 AD2d 762, 763, *lv denied* 83 NY2d 752).

Crew III, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.