■ JOSEPHINE DENMARK et al., Respondents, v WAL-MART STORES, INC., et al., Appellants. [699 NYS2d 499] —Cardona, P. J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 26, 1998 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

In March 1995, plaintiff Josephine Denmark (hereinafter plaintiff) was injured when she tripped and fell on a sidewalk in front of a Wal-Mart department store located in the Town of Big Flats, Chemung County. Thereafter, plaintiff and her husband commenced this action alleging that plaintiff's fall was due to the presence of a "raised sidewalk, block, crack

and/or depression" a short distance from the main entrance. Following joinder of issue, defendants moved for summary judgment dismissing the complaint claiming that the defect in the sidewalk was so trivial that it was not actionable as a matter of law. Supreme Court denied the motion resulting in this appeal.

We affirm. While the question of whether a dangerous or defective condition exists on property giving rise to liability is generally one of fact for the jury, "[n]ot every injury allegedly caused by an elevated brick or slab need be submitted to a jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977). It has also been established that whether a defect is too trivial to raise an issue of fact cannot be decided exclusively on the dimension of the sidewalk defect (*see, id.*, at 978). Rather, such determination depends upon the peculiar facts and circumstances of the case, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury (*see, id.*).

In the instant case, plaintiff testified that she fell after catching her right foot in a rough spot in the sidewalk. She stated that after the fall she noticed that it occurred in an area where four concrete sidewalk slabs intersected. Plaintiff's husband stated that, after his wife's fall, he noticed a depression in the sidewalk which he estimated to be "two inches or so". After examining photographs he took the day after the accident, he estimated the depression to be "about an inch and three quarters". The property manager, however, stated that his routine inspection of the property prior to plaintiff's fall did not disclose any defects in the sidewalk. He further stated that, after the accident, he measured the height differential of the concrete slabs in front of the store and found it to be approximately one half of an inch. He added that he did not notice any chipping or spalling of the concrete in the area of the accident. The assistant manager, on the other hand, stated that he noticed concrete missing from the intersection of the concrete slabs in the vicinity of plaintiff's fall. Given the conflicting testimony regarding the condition of the concrete in the area of plaintiff's fall, the discrepancies concerning the height differential of the concrete slabs and the location of the alleged defect near the entrance to a busy store, Supreme Court properly concluded that questions of fact preclude the grant of summary judgment (*see, Nin v Bernard*, 257 AD2d 417; *Young v City of New York*, 250 AD2d 383; *Tracy v St. Patrick's Church*, 234 AD2d 871).

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.