■ DIANE WILSON, Respondent, v TIME WARNER CABLE, INC., Appellant. [774 NYS2d 584]—

Cardona, P.J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 19, 2003 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff contends that she fell on September 3, 1998 and sustained injuries while exiting defendant's business premises after her "foot came down on the very uneven part of the crack" of defendant's sidewalk. Plaintiff, who visited the location monthly to pay her cable bill, did "not recall having noticed the drop in the sidewalk" and, in any event, the alleged drop in sidewalk elevation was "less obvious coming out than going in." She commenced this action alleging, inter alia, that defendant did not properly install and reasonably maintain the sidewalk, neglected to conduct regular inspections and failed to post warning signs. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the basis that, among other things, any alleged defect in the sidewalk was trivial. Supreme Court denied the motion, prompting this appeal.

"Whether a particular height difference between sidewalk slabs constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (*Tesak v Marine Midland Bank,* 254 AD2d 717, 717-718 [1998] [citation omitted]; *see Trincere v County of Suffolk,* 90 NY2d 976, 977-978 [1997]). Accordingly, the issue is normally a jury question unless the defendant's proof establishes, as a matter of law, that the alleged defect was too trivial to be actionable (*see Trincere v County of Suffolk, supra* at 977-978; *Lamarre v Rensselaer County Plaza Assoc.,* 303 AD2d 914, 914-915 [2003]; *Maloid v New York State Elec. & Gas Corp.,* 257 AD2d 712, 713 [1999]) and "possessed none of the characteristics of a trap or snare" (*Julian v Sementelli,* 234 AD2d 866, 868 [1996]). Sum-

mary judgment will be denied where the plaintiff comes forward with conflicting evidence resulting in triable issues of fact (*see Denmark v Wal-Mart Stores*, 266 AD2d 776, 776-777 [1999]; *Tracy v St. Patrick's Church*, 234 AD2d 871, 871-872 [1996]; *Evans v Pyramid Co. of Ithaca*, 184 AD2d 960, 960 [1992]).

Here, upon review of the record, we cannot say that Supreme Court erred in denying defendant's motion. For example, the photographs do not conclusively establish the width of the gap or the difference in elevation, and the parties' affidavits are similarly conflicting. While one of defendant's employees averred that "there was no more than a quarter of an inch to a half inch difference in elevation between the two concrete slabs," plaintiff indicates that there was a "deep crevice between the slabs . . . a full inch across and [1½] to [1¾] inches deep." Furthermore, given all the circumstances, including the location and angle of the alleged defect near defendant's entrance/exit, we cannot conclude as a matter of law at this juncture that the claimed defect did not constitute "a trap for the unwary" (*Tesak v Marine Midland Bank, supra* at 718).

We are also not persuaded by defendant's contention that summary judgment should have been granted because the claimed defect was "open and obvious." Although proof in that regard is relevant to plaintiff's "failure to warn" claims and impacts the determination of comparative negligence and the foreseeability of the accident, her alleged familiarity with the accident site would not, as a matter of law, relieve defendant of its duty to maintain its premises in a reasonably safe condition (*see MacDonald v City of Schenectady*, 308 AD2d 125, 129 [2003]; *Soich v Farone*, 307 AD2d 658, 659-660 [2003]). Given the unresolved issues in the record herein, we find no basis for summary judgment relief at this juncture.

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.