■ JEANNE M. BILLERA et al., Respondents, v FRANCIS J. PAOLANGELI, Doing Business as PAOLANGELI CONTRACTOR, et al., Appellants. [799 NYS2d 295]—

Lahtinen, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 10, 2004 in Tompkins County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff Jeanne M. Billera (hereinafter plaintiff) fell on the sidewalk while walking to an entrance to Immaculate Conception Church in the City of Ithaca, Tompkins County. She and her husband, derivatively, commenced this negligence action against the owners of the premises, defendants Immaculate Conception Church Corporation and Roman Catholic Diocese of Rochester (hereinafter collectively referred to as the Church), and a contractor who had recently worked on the Church property, defendant Francis J. Paolangeli, doing business as Paolangeli Contractor. Following discovery, the Church and Paolangeli moved for, among other things, summary judgment dismissing the complaint. Supreme Court denied the motions without providing a written decision. The Church and Paolangeli each appeal.

We address first the argument that plaintiffs failed to establish a prima facie case of negligence because plaintiff provided conflicting allegations as to where she fell. Establishing the location of the accident is essential for plaintiffs to meet their burden as to causation in this trip and fall case (see Martin v Wilson Mem. Hosp., 2 AD3d 938, 939 [2003]; Dapp v Larson, 240 AD2d 918, 919 [1997]). The relevant portion of sidewalk is wide—three concrete slabs in width between the Church and the street—and it runs parallel to the street along the entire front of the Church, which has three entrances via stairways from the sidewalk. Plaintiffs' bill of particulars alleged that the accident occurred near the most southerly stairway leading into the Church. Plaintiff reportedly told a Church deacon shortly

after the accident that she fell on a concrete slab near the street. However, at her deposition, plaintiff testified that she fell in front of the center stairway and tripped on a concrete slab near the Church. While her varying accounts clearly create credibility issues for the factfinder, an explanation was offered for the apparent inaccuracy in the bill of particulars and plaintiff maintained at her deposition that the fall actually occurred at a concrete slab near the Church and in front of the center stairway. Viewing this evidence most favorably to plaintiffs, we are unpersuaded that summary judgment in favor of the Church is appropriate.

Nor are we persuaded by the contention that the defect in the sidewalk was trivial as a matter of law. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks and citation omitted]). There was evidence of a height differential of up to two inches between uneven concrete slabs of the sidewalk at the point where plaintiff testified she fell. This purported defect was in a high pedestrian traffic area at the center entrance to the Church. In light of such circumstances, determining whether the defect was dangerous should be left for the jury (*see Wilson v Time Warner Cable*, 6 AD3d 801, 802 [2004]).

We find merit, however, in Paolangeli's argument that he satisfied his burden of proving that he did not cause or create the alleged defect. While Paolangeli parked heavy equipment on the concrete slabs of the sidewalk near the street, plaintiffs have now settled on the contention that the fall occurred at a concrete slab near the Church. The Church's business manager testified that, although some damage occurred to the concrete slabs near the street during Paolangeli's work at the premises, the concrete slabs in the middle section and those near the Church were in essentially the same condition after the construction as before. No competent proof was offered indicating otherwise. Accordingly, Paolangeli's motion should have been granted. The remaining issues are academic.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Francis J. Paolangeli; motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.