PAULA MOONS, Respondent, v WADE LUPE CONSTRUCTION COMPANY, INC., Appellant. [805 NYS2d 204]—

Cardona, P.J. Appeal from an order of the Supreme Court (Caruso, J.), entered October 13, 2004 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

On September 13, 2001, while employed as a United Parcel Service driver, plaintiff was injured on defendant's property on Cordell Road in the City of Schenectady, Schenectady County. According to plaintiff, on that day, in the course of her deliveries to defendant and another business, she twisted her ankle when she stepped into what she described as a "pothole" located on defendant's parking lot. Plaintiff commenced this personal injury action alleging, among other things, negligent construction, maintenance and failure to warn. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

Initially, we note that inasmuch as plaintiff did not present proof that defendant created or had actual notice of the alleged dangerous condition, Supreme Court properly confined its attention to the issue of constructive notice. In that regard, "[t]o

constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *see Mehalco v Palleschi*, 15 AD3d 745, 746 [2005]). Here, we conclude that defendant met its initial burden on its motion by submitting various proof, including that there had been no previous complaints regarding the alleged condition and neither the property manager nor a long-time employee had ever noticed the pothole before (*see Truesdell v Rite Aid of N.Y.*, 228 AD2d 922, 923 [1996]).

In opposition, plaintiff produced, among other things, photographs of where she was injured. In reference to some of the photographs, plaintiff testified that, after she showed her mother the pothole on the day she was injured, her mother returned "shortly after the accident" to photograph the scene. Notably, plaintiff identified the photographs as depicting the spot where she specifically stepped and also marked the location of the subject pothole in one of the photographs with an "X." Although defendant challenges the admissibility of the photographs, "[i]t has long been settled that photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they were taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Kniffin v Thruway Food Mkts.*, 177 AD2d 920, 921 [1991]; *see Truesdell v Rite Aid of N.Y., supra* at 923). Here, viewing plaintiff's submission in the favorable light accorded her status as the nonmoving party (*see Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]), we conclude that sufficient factual issues were presented to justify the denial of defendant's motion regarding the issue of constructive notice.

Finally, we are unpersuaded by defendant's contention that, regardless of the constructive notice issue, summary judgment should have been granted because the alleged dangerous condition is trivial as a matter of law. Significantly, the existence of a dangerous condition is generally a question of fact for the jury that " 'depends on the peculiar facts and circumstances of each case' " (*Guerrieri v Summa*, 193 AD2d 647, 647 [1993], quoting *Schechtman v Lappin*, 161 AD2d 118, 121 [1990]; *accord Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Wilson v Time Warner Cable*, 6 AD3d 801, 801-802 [2004]). Here, we note that defendant offered only the photographs and plaintiff's admission that she did not notice the pothole until she stepped in it as support for that argument. Defendant did not provide

any specific information such as the dimensions of the alleged defect or other proof that might compel a conclusion that the defect was too trivial as a matter of law to be actionable (*see e.g. Trionfero v Vanderhorn*, 6 AD3d 903, 903-904 [2004]; *Sullivan v State of New York*, 276 AD2d 989, 989-990 [2000]; *Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713 [1999]). Accordingly, we find no basis to disturb Supreme Court's denial of defendant's motion (*see Wilson v Time Warner Cable, supra* at 802).

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.