■ MADELINE ALIG et al., Appellants, v PARKWAY PARKING OF NEW YORK, INC., Defendant, and SGP PARTNERS, LP, et al., Respondents. [829 NYS2d 242]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lebous, J.), entered December 6, 2005 in Broome County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

On October 23, 1999, plaintiff Madeline Alig (hereinafter plaintiff) and her husband exited the lobby of a hotel into an adjoining parking garage owned by defendant SGP Partners, LP (hereinafter defendant). At that time, plaintiff allegedly stepped on the edge of a drain hole with a broken drain cover causing her to fall and sustain injuries to her right arm, wrist and shoulder. Plaintiff and her husband, derivatively, commenced this negligence action against, among others, defendant. Following joinder of issue and discovery, defendants, with the exception of Parkway Parking of New York, Inc., moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion only with respect to defendant. Supreme Court granted the motion, finding that the one-inch height differential at the edge of the drain cover was a trivial defect and that, in any event, defendant had no actual or constructive notice of the condition.

Initially, in order to prevail on a motion for summary judgment, as set forth herein, a defendant is " 'required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's em-

ployees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986] [citations omitted]; *accord Mehalco v Palleschi*, 15 AD3d 745, 746 [2005]).

In support of the motion for summary judgment, defendant met its initial burden by presenting evidence establishing that there were no prior complaints regarding the alleged defective condition and, despite a routine inspection of the parking garage by employees, no problem with the drain cover at issue was observed. In addition, defendant also submitted a 1997 inspection report noting that, while numerous drain covers on the roof of the parking garage were broken, the drain covers in the rest of the parking garage were plugged but not broken.

In opposition to defendant's proof, plaintiffs produced, among other things, two photographs taken hours after plaintiff's fall which purported to fairly and accurately represent the condition of the drain hole at the time of the accident. The photographs depict the plugged drain hole with an accumulation of dirt compacted into the depression created by the broken drain cover at a level below the surface of the garage floor. According to plaintiffs, this compacted accumulation of dirt within the depression establishes that the condition existed for a sufficient length of time. For comparison purposes, plaintiffs also submitted a photograph of an intact drain cover from the parking garage which appears to be level with the garage floor. Furthermore, with respect to the routine inspections of the parking garage, plaintiffs point to the 1997 inspection report which alerts defendant to the plugged drain covers in the parking garage. Moreover, following plaintiff's accident, eight other drain covers in the parking garage were found to be broken. Viewing these submissions in a light most favorable to plaintiffs, as the nonmoving party (*see Moons v Wade Lupe Constr. Co., Inc.*, 24 AD3d 1005, 1006 [2005]), we find that plaintiffs raised sufficient factual issues regarding defendant's constructive notice of the condition of the drain hole to preclude summary judgment.

Next, plaintiffs contend that the alleged defect and other surrounding circumstances, including, among other things, the poor lighting and location of the drain hole in the parking garage, create an issue of fact as to whether the alleged condition constitutes a trivial defect, thereby precluding defendant's motion for summary judgment. It is well settled that "[w]hether a particular height difference . . . constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time,

place, and circumstances of the injury" (*Wilson v Time Warner Cable*, 6 AD3d 801, 801 [2004] [internal quotation marks and citations omitted]) and " 'is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]). In cases such as this, where the defendant moves for summary judgment alleging that the one-inch height differential is too trivial to be actionable, the plaintiff can defeat the motion by coming forward with evidence to establish that "the alleged defect has the characteristics of a trap, snare or nuisance" (*Trionfero v Vanderhorn*, 6 AD3d 903, 904 [2004] [internal quotation marks and citations omitted]; *see Wilson v Time Warner Cable, supra* at 801-802). Given plaintiff's description of the accident, photographs of the drain hole, location of the defect in the parking garage near an entrance/exit of the hotel and the issue of whether there was adequate lighting, we cannot conclude as a matter of law that the claimed defect was trivial and such question should be left to the jury (*see Billera v Paolangeli*, 20 AD3d 743, 745 [2005]; *Wilson v Time Warner Cable, supra* at 802; *Evans v Pyramid Co. of Ithaca*, 184 AD2d 960 [1992]).

Lastly, we find plaintiffs' remaining contention requesting sanctions against defendant for the spoliation of the alleged defective condition to be unpersuasive.

Mercure, Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the motion for summary judgment dismissing the complaint against defendant SGP Partners, LP; motion denied to that extent; and, as so modified, affirmed.