Claro v 323 Firehouse, LLC (2019 NY Slip Op 07970)





Claro v 323 Firehouse, LLC


2019 NY Slip Op 07970


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527670

[*1]Patricia R. Claro et al., Respondents,
v
323 Firehouse, LLC, et al., Appellants, et al., Defendant.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Goldberg Segalla LLP, Buffalo (William H. Baaki of counsel), for 323 Firehouse, LLC, appellant.
Williamson, Clune & Stevens, Ithaca (John H. Hanrahan 3d of counsel), for Nikolaos Lekakis, appellant.
Basch & Keegan, LLP, Kingston (Eli B. Basch of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Elliott III, J.), entered September 17, 2018 in Greene County, which denied motions by defendants 323 Firehouse, LLC and Nikolaos Lekakis for summary judgment dismissing the complaint against them.
In May 2016, plaintiffs went to a diner, owned by defendant Nikolaos Lekakis, in the Village of Catskill, Greene County, to have breakfast. Plaintiff Rocco Claro parked the car on Main Street, adjacent to the diner and near an old firehouse that is owned by defendant 323 Firehouse, LLC. When plaintiff Patricia Claro (hereinafter Claro) exited the car, she stepped onto the sidewalk turning toward the diner and, after walking a short distance, her left foot caught the lip of a raised concrete sidewalk slab causing her to lose her balance and fall. As a result of her trip and fall, Claro sustained injuries to her left shoulder, which required surgery. Prior to the incident, Lekakis had installed a new concrete sidewalk in front of his diner pursuant to a Village incentive program. As part of the program, the Village performed the demolition and removal of the old sidewalk, and Lekakis hired a contractor to install the new sidewalk. Following the contractor's work, the Village allegedly finished the sidewalk project by installing an asphalt transition bevel between the new sidewalk and the sidewalk in front of the old firehouse. Claro fell at or near the juncture of the transition bevel and the adjoining sidewalk.
In December 2016, plaintiffs commenced an action against 323 Firehouse, which answered, asserting several affirmative defenses. Thereafter, plaintiffs commenced a second action against Lekakis and another. After Lekakis answered, the parties stipulated to consolidate the two actions. A note of issue requesting a nonjury trial was filed by plaintiffs, and 323 Firehouse and Lekakis (hereinafter collectively referred to as defendants) then each moved for summary judgment dismissing the complaint. After plaintiffs opposed the motions, Supreme Court determined that defendants failed to meet their summary judgment burdens as triable issues of fact existed as to their negligence. Defendants appeal.
Defendants contend that Supreme Court erred in denying their motions for summary judgment because the alleged defect was trivial. "Although a landowner has a duty to maintain its property in a reasonably safe condition, trivial defects are not actionable" (Gami v Cornell Univ., 162 AD3d 1441, 1442 [2018] [citations omitted], lv denied 32 NY3d 916 [2019]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-79 [2015]). "There is no predetermined height differential that renders a defect trivial. Instead, courts must consider the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Gami v Cornell Univ., 162 AD3d at 1442 [internal quotation marks, brackets and citations omitted]; see Castle v Six Flags, Inc., 81 AD3d 1137, 1139 [2011]). "Thus, a small difference in height or other physically insignificant defect [can be] actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperil[s] the safety of a pedestrian" (Gami v Cornell Univ., 162 AD3d at 1442 [internal quotation marks and citations omitted]).
Here, in support of its motion for summary judgment, 323 Firehouse submitted, among other things, deposition testimony of plaintiffs, photographs of the sidewalk and an expert affidavit of Ernest Gailor, a senior forensic engineer.[FN1] Although the photographs and deposition testimony reveal that the morning that Claro tripped it was a clear day without precipitation and that the transition bevel bridged a height differential between dark asphalt and newer, light-colored concrete, defendants did not proffer any specific information, such as the dimensions of the alleged defect, or any other information to establish that the defect was trivial in nature (see Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097 [2016]; Moons v Wade Lupe Constr. Co., Inc., 24 AD3d 1005, 1006-1007 [2005]). Significantly, Gailor's expert affidavit stated, in a conclusory manner, that the sidewalk conditions "[did] not constitute a defective or hazardous condition." This conclusion was not supported by any specific measurements or dimensions, but was based upon Gailor's inspection of photographs of the alleged defect. As such, defendants failed to establish, prima facie, that the alleged defect was trivial as a matter of law and therefore not actionable (see Padarat v New York City Tr. Auth., 137 AD3d at 1097; Moons v Wade Lupe Constr. Co., Inc., 24 AD3d at 1006-1007).
Defendants also argue that their motions for summary judgment should have been granted because they did not create the alleged dangerous condition. Generally, "an owner of land abutting a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the property in a safe condition" (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1185 [2018] [internal quotations marks, brackets and citations omitted]; accord Melamed v Rosefsky, 291 AD2d 602, 603 [2002]). There are, however, exceptions to this rule, including, as relevant here, when the abutting owner creates the dangerous condition (see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d at 1186; Oles v City of Albany, 267 AD2d 571, 571-572 [1999]).
We turn first to Lekakis' motion for summary judgment. Inasmuch as he failed to establish that he did not create the alleged dangerous condition by undertaking repairs to the public sidewalk, Supreme Court properly denied his motion for summary judgment (compare Finocchiaro v Town of Islip, 164 AD3d 871, 872-873 [2018]; Ankin v Spitz, 129 AD3d 1001, 1002 [2015]). As to 323 Firehouse, however, we reach a different conclusion. 323 Firehouse proffered the deposition testimony of Eric Davis, its owner/member. Davis' testimony established that, since purchasing the property in 2004, he had not made any changes to the sidewalk or curb area. Davis also testified that he was not notified of Lekakis' intent to have a new sidewalk installed in front of the diner, nor did Davis himself install or cause any additional blacktop to be added to his property. 323 Firehouse also submitted deposition testimony of Karl Zwoboda, the contractor who Lekakis hired to replace the sidewalk. Zwoboda testified that he did not have a contract with 323 Firehouse. Zwoboda also testified that he and his workers installed the new, white concrete sidewalk in front of Lekakis' diner and then, the next day, the Village of Catskill Department of Public Works completed the project by installing the transition bevel. This proof was sufficient to establish, prima facie, that 323 Firehouse did not create the alleged defect that caused Claro's fall (see Padarat v New York City Tr. Auth., 175 AD3d 700, 704 [2019]). Plaintiffs' submissions failed to raise a triable issue of fact as to this issue (see Finocchiaro v Town of Islip, 164 AD3d at 873). As such, Supreme Court erred in denying 323 Firehouse's motion for summary judgment. Lekakis' remaining contentions, to the extent not specifically addressed herein, have been examined and are lacking in merit.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant 323 Firehouse, LLC for summary judgment; said motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.



Footnotes

Footnote 1: Lekakis referenced and incorporated the pleadings and deposition transcripts submitted by 323 Firehouse in support of his motion for summary judgment.