■ HERMAN REYNOLDS et al., Plaintiffs, v CITY OF NEW YORK, Appellant, and Third-Party Plaintiff-Appellant, et al., Defendants. AMERICAN BRIDGE DIVISION et al., Third-Party Defendants-Respondents. WINSTON LESTER, Plaintiff, v WILLIAM LADSON, Defendant, and CITY OF NEW YORK, Appellant and Third-Party Plaintiff-Appellant. AMERICAN BRIDGE DIVISION et al., Third-Party Defendants-Respondents. [633 NYS2d 300] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered May 31, 1994, bringing up for review an order of the same court and Justice entered on or about April 28, 1994, which dismissed the City of New York's third-party complaint and any cross claims against the third-party defendants, unanimously affirmed, without costs.

The City's contention that summary judgment was improperly based on inadmissible evidence is improperly raised for the first time on appeal, and, in any event, is without merit.

Contrary to defendant's claim, the statement in the offending driver's MV-104 report constituted an admission which could properly be considered as probative evidence by the motion court. Moreover, even if the complained of reports were wholly disregarded, a prima facie showing was made that the collision was not caused by the absence of lane-divider cones at the accident site. This was established by the van driver's uncontroverted testimony that the offending vehicle had knocked down divider cones as it swerved on a wet pavement into oncoming traffic (*Smith v Johnson Prods. Co.*, 95 AD2d 675, 676). The burden then shifted to the City to show that there was a triable issue of fact regarding that prima facie showing (*supra*). However, the City offered no evidence to indicate that divider cones were absent from the area of the bridge where the accident occurred, or, for that matter, to explain how the absence of cones might have caused the car to swerve or how the presence of cones might have prevented it from entering the oncoming lane. The City merely suggested that an absence of lane dividers might have "confused" the car driver and caused him to enter into the other lane. Such bald conjecture under these circumstances was insufficient to defeat the motion for summary judgment (*supra*). Even assuming that the third-party defendants acted improperly, the City has made no showing that their action or inaction was a substantial cause of the events that produced the injuries (*see, Frank v City of New York*, 163 AD2d 254, 255). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.