■ ROBERT R. GUTZ, Respondent, v COUNTY OF MONROE, Appellant. [634 NYS2d 776] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from a judgment of the Supreme Court (Rosenbloom, J.), entered May 31, 1994 in Monroe County, upon a verdict rendered in favor of plaintiff.

Prior to February 23, 1988, the floors and stairs of the library of the Appellate Division, Fourth Department, located in the Hall of Justice, City of Rochester, Monroe County, were covered

with cork tiles. On the aforementioned date, as he was descending the stairs leading from a balcony to the library's main floor, plaintiff, a law librarian, slipped on a loose tile, injuring his hand. He subsequently commenced this personal injury action and, after a jury trial, obtained a net verdict of $45,000. Defendant appeals.

Like many slip and fall cases, the central issue here, raised by defendant's motion for a directed verdict at the close of plaintiff's proof, is whether defendant had actual or constructive notice of the dangerous condition that caused plaintiff's accident. Plaintiff's proof showed that between 1970 and 1985 defendant appropriated $500 per year and sent workers to reglue or replace the tiles that had become unglued from the library floor. Because defendant stopped making these repairs in 1985, the Appellate Division librarian sent a series of letters regarding the floor's deteriorating condition to County officials and made a number of telephone calls to them, some of which mentioned specific incidents of people tripping and falling on the floor tiles. In 1986, when plaintiff noticed two individuals from defendant's Personnel Safety Office inspecting the library, he drew their attention to the stairs on which he later injured himself, pointing out that the tiles were becoming unglued. Mark Rhodes, an attorney, testified that on February 10, 1988 as he was about to descend the stairs, he tripped over the edge of a loose tile. Despite the previous notices and the fact that Rhodes' accident was reported to defendant's building superintendent, the tiles were not replaced or reglued prior to plaintiff's accident.

A defendant is entitled to a directed verdict where, giving the plaintiff the benefit of every favorable inference, there is no rational basis on which a jury could reasonably find for the plaintiff (*see, Walden v Otis El. Co.*, 178 AD2d 878, 878-879, *lv denied* 79 NY2d 758). Applying this standard here, Supreme Court did not err in denying defendant's motion since plaintiff's proof would allow a jury to find that defendant had constructive notice of the dangerous condition of the tiles on the stairs by virtue of its knowledge of the recurring problems with the tiles in other areas of the library (*see, Columbo v James River, II, Inc.*, 197 AD2d 760, 761; *Alvarez v Mendik Realty Plaza*, 176 AD2d 557, 558, *lv denied* 79 NY2d 756; *Weisenthal v Pickman*, 153 AD2d 849, 851). We further note that these facts could support a finding of actual notice since plaintiff pointed out the defective tiles on the stairs to defendant's employees (*see, Webb v Audi*, 208 AD2d 1122, 1123).

The next issue defendant raises is that Supreme Court erred

in allowing Rhodes to testify since plaintiff did not disclose his identity prior to trial despite the CPLR 3101 demand. While plaintiff's counsel should have complied with defendant's demand (*see, Hughes v Elias*, 120 AD2d 703, 705), there is no proof that her failure to do so was willful or contumacious. Moreover, any prejudice suffered by defendant was minimal as it had notice of the subject matter of Rhodes' testimony and did not present any evidence contravening it. Accordingly, Supreme Court did not abuse its discretion in permitting the challenged testimony (*see, Burton v New York City Hous. Auth.*, 191 AD2d 669, 671; *Locastro v Horn*, 138 AD2d 358, 359; *Smith v Saviolis*, 136 AD2d 621, 622).

We further reject defendant's argument that Supreme Court abused its discretion in admitting into evidence the series of letters detailing the problems with the tiles. Even though these letters do not refer to the tiles on the stairs, we agree with Supreme Court that they are relevant to the issue of notice since the tiles covering the library floor are the same as those on the stairs.

In light of plaintiff's unchallenged medical evidence showing that he sustained a tear of the interossel muscle of his left hand, necessitating treatment consisting of a splint and painful massage therapy to break up scar tissue, which has left him with a mild permanent partial disability, we find that the jury's award does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

For these reasons, we affirm the judgment of Supreme Court.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.