determine that amount. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ NANCY A. GARDNER, Appellant, v COUNTY OF MONROE et al., Respondents. (Appeal No. 1.) [668 NYS2d 818] —Judgment unanimously reversed on the law with costs, motion and cross motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting the motion and cross motion of defendants for summary judgment dismissing the complaint. The record contains evidence that defendants had actual notice of a recurrent dangerous condition involving missing or dislodged drain hole covers, and plaintiff testified at her deposition that an employee of defendant APCOA, Inc., was aware of uncovered holes in the area where plaintiff fell and told her that he had fallen in one of the holes before her accident. Thus, there is an issue of fact with respect to constructive notice (*see, Camizzi v Tops, Inc.*, 244 AD2d 1002; *Gutz v County of Monroe*, 221 AD2d 838). (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ NANCY A. GARDNER, Appellant, v COUNTY OF MONROE et al., Respondents. (Appeal No. 2.) [668 NYS2d 520] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988). (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ RICHARD PALMATIER et al., Respondents, v EASTMAN KODAK COMPANY, Appellant, and CASTLE ELECTRICAL CONTRACTORS, INC., Respondent. [668 NYS2d 520] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Eastman Kodak Company dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Eastman Kodak Company (Kodak) for summary judgment dismissing plaintiffs' causes of action based upon common-law negligence and Labor Law § 200. In support of its motion, Kodak submitted evidentiary proof in admissible form establishing that it had, at most, a general power to enforce safety standards and did not have supervisory control over the method or manner of the work of plaintiff Richard Palmatier (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079; *Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020; *Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 634-635). Nei-