■ LINA ZARITSKY et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [669 NYS2d 818] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about September 18, 1996, which, *inter alia*, granted defendant Masto Realty Corp.'s motion and defendant City of New York's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The grant of both the motion and cross motion for summary judgment dismissing the complaint was proper. After having reviewed the relevant circumstances, the motion court concluded that the sidewalk defect to which plaintiff attributes her fall was trivial and possessed none of the characteristics of a trap or snare. We see no basis to differ with the motion court's assessment of the subject defect or with the court's consequent conclusion that the defect, such as it was, was not sufficient to support an action for negligent maintenance of the sidewalk (*see, Trincere v County of Suffolk*, 90 NY2d 976; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 10). In addition, plaintiff's claim that the slippery surface of the sidewalk also contributed to her fall, supported only by an expert's conclusory allegations, fails to raise a triable issue of fact (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533), notwithstanding that contrary to the court's conclusion, the portion of the sidewalk in issue constituted a special benefit to defendant Masto. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.