■ Marilyn E. Tesak, Respondent, v Marine Midland Bank, N.A., Appellant, et al., Defendant. [678 NYS2d 226] —Order unanimously affirmed with costs. Memorandum: Marine Midland Bank, N.A. (defendant), appeals from an order denying its motion for summary judgment dismissing the complaint, which alleges, *inter alia*, that defendant is liable in negligence for an alleged defect in the sidewalk outside the bank where plaintiff fell. Defendant contends that, as a matter of law, it cannot be held liable for an alleged defect consisting of a difference in elevation of less than one inch between adjacent slabs of the sidewalk.

Supreme Court properly denied defendant's motion. Whether a particular height difference between sidewalk slabs consti-

tutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury (*see, Trincere v County of Suffolk*, 90 NY2d 976, 977-978). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk, supra*, at 977). Whether a particular condition gives rise to liability for negligent maintenance is generally an issue of fact for the jury (*see, Trincere v County of Suffolk, supra*, at 977; *Young v City of New York*, 250 AD2d 383).

In some cases, however, "the trivial nature of the defect may loom larger" than any other element, thus justifying a court's refusal to submit the issue to a jury (*Trincere v County of Suffolk, supra*, at 977). In such cases, a small difference in elevation between slabs of pavement will be considered too trivial to be actionable unless the defect has the characteristics of a "trap", "snare", or nuisance (*Zaritsky v City of New York*, 248 AD2d 211; *see, Mascaro v State of New York*, 46 AD2d 941, *affd* 38 NY2d 870; *Tracy v St. Patrick's Church*, 234 AD2d 871, 872; *Guerrieri v Summa*, 193 AD2d 647).

Even assuming that defendant met its initial burden on the motion, we conclude that plaintiff sustained her burden of demonstrating a triable issue of fact with respect to liability. Plaintiff alleged, and by competent evidence established, more than a trivial difference in elevation. She averred that she fell after her foot became caught in a crevice between the two slabs of concrete. Additionally, she submitted the affidavit of an expert who, based on his inspection of the site, confirmed the existence of a crevice and its role in causing the fall. Plaintiff's expert further stated that the defect constituted a trap for the unwary because it was located close to the entrance to the bank, where a person's attention would be drawn to the door, not to the sidewalk. Thus, the court properly denied defendant's motion. (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.