■ MARY L. PAGANO, Respondents, v RITE-AID CORP., Appellant. [698 NYS2d 129] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Plaintiffs seek to recover damages for injuries allegedly sustained by Mary Lou Pagano (plaintiff) when she stepped from the sidewalk onto a handicapped parking ramp in front of defendant's store. Defendant failed to meet its initial burden of establishing as a matter of law that it did not create the allegedly dangerous condition or that the alleged defect was obvious and readily observable (*see, Herman v Town of Clarence,* 256 AD2d 1229). Defendant also failed to meet its initial burden of establishing as a matter of law that the area where plaintiff fell did not constitute a dangerous or defective condition. "Whether a particular height difference * * * constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (*Tesak v Marine Midland Bank,* 254 AD2d 717, 717-718). Even a small difference in height is actionable if the alleged defect has the

characteristics of a trap, snare or nuisance (*see, Tesak v Marine Midland Bank, supra,* at 718). In any event, we conclude that plaintiffs raised a triable issue of fact whether the alleged defect had the characteristics of a trap, snare or nuisance (*see, Tesak v Marine Midland Bank, supra,* at 718). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.— Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.