■ DONNA BELMONTE, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants. [759 NYS2d 38] —Order, Supreme Court, New York County (Saralee Evans, J.), entered March 28, 2002, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted.

The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff contends that on March 15, 2000, she was walking on the south side of East 23rd Street towards First Avenue, the general vicinity of defendant Metropolitan Life Insurance Company's Peter Cooper Village. She described the day as clear and sunny. She claims she tripped over a "broken, defective, raised, patched out of repair sidewalk" and fell forward to the ground, resulting in the injuries. She alleges that the front of her shoe "got stuck into this crack in the sidewalk." She described the crack as being about a half-inch deep. Plaintiff submitted photographs, included in the appellate record, which depict a sidewalk running parallel between a curbed street and a separate hard surface apparently consisting of cobblestones that run along a building line. A circled location in the photos, apparently representing the location of the defect, is astride what seems to be an expansion joint between sidewalk slabs. The circled area seems to be only a couple of feet from the curb, and more distant from the cobblestoned surface, which comports with plaintiff's testimony. The expansion joint, including the darkened area, is perpendicular to the curb. Plaintiff's response to defendants' demand for expert information, consisting of only counsel's affirmation, indicates that an identified civil engineer examined the site and stated that "an asphalt patch on the west side of the expansion joint * * * [which was] installed so that it created a space and trip hazard * * * with an opening of an inch" caused the accident.

Metropolitan Life's building manager was deposed and subsequently summarized his testimony in an affidavit. He testified that the property line is demarcated by the transition from cobblestone, which is on Metropolitan Life's property, and the cement sidewalk, which is New York City property. He also testified that part of his job was to oversee the contractor who maintains the Peter Cooper premises, and that he never directed that any patchwork be performed on the sidewalk adjacent to the cobblestones in this vicinity. Rather, although repairs would be done on the cobblestone areas by Peter Cooper's contractors, no repairs were done by them on the City sidewalk. If the City sidewalk needed repairs, Peter Cooper management would contact the City to inform them of the need. However, the manager also conceded that its contractors might perform minor interim repairs until repairs by the City were undertaken. The building manager testified that to his knowledge no asphalt patches had been placed on 23rd Street. He further testified that he regularly walked the perimeter of the

property to inspect for defects, passed by this location several times, and had never noticed any defects in the cement. Although he was aware of some repairs being performed on the City sidewalk by codefendant OneSource, he believed that the photographic depictions of the accident site did not resemble the repairs being undertaken. The building manager conducted a records search for accident reports and found no report of this accident. A records searcher for the Department of Sanitation's Litigation Support Unit testified that she also located no repair orders, records of violations, work contracts or complaints for that vicinity.

In support of its motion for summary judgment, defendant Metropolitan Life asserted that the accident occurred on a public sidewalk of which it makes no special use, and that it has no duty to maintain the sidewalk; that the defect is trivial and is insufficient to maintain a prima facie case in negligence; that it had no actual or constructive knowledge of the alleged defect; and that there was no evidence that it caused or created the defective condition. The City, in support of its motion for summary judgment, also asserted the triviality of the defect, as did defendant OneSource, which also contended that it had no duty to maintain this public sidewalk and had not created the condition. In opposition, plaintiff alleged that the "owner" and the contractor created the condition, and that, at the least, a question of fact was presented in that regard. Additionally, she argued that the issue of the defect's purported triviality was a factual issue. Plaintiff's counsel submitted an affirmation reiterating that a civil engineer had indicated that the patch was installed in such a manner as to create a hazard of tripping. No expert affidavit, though, was submitted from the identified engineer.

In denying defendants' various motions for summary judgment, the court relied on a "Big Apple" map filed with the City on August 21, 1998, which purports to give notice of a raised and uneven sidewalk in this vicinity. The court found that Metropolitan Life's building manager's testimony "does not foreclose the possibility that the edge of the expansion crack was patched by OneSource either pursuant to a direct instruction from a Met Life employee or pursuant to their general contractual obligations."

Initially, Supreme Court's findings do not fairly reflect the record evidence. The "Big Apple" map does indeed show an "extended section of raised or uneven sidewalk," according to the accompanying key, running around the entire perimeter of Metropolitan Life's property. Presumably, this is unevenness

between the cobblestones used by Metropolitan Life for paving and the cement slabs utilized by the City. Significantly, the only defects indicated by lines on the map are parallel to the curb. The defect at issue in this case is located on an expansion joint perpendicular and not parallel to the curb, as clearly reflected in the accompanying photographs.

Plaintiff must document the existence of, as well as adequate notice of, the specific defect that she alleges. No such documentation is in the record. As noted, the putative opinion of a civil engineer was set forth in counsel's affirmation and as such, it is not competent evidence and has no probative value (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hasbrouck v City of Gloversville*, 102 AD2d 905 [1984], *affd* 63 NY2d 916 [1984]). Hence, in the absence of an expert affidavit or any documentary evidence of the alleged defect showing notice, the building manager's testimony remains unrefuted (*Zuckerman v City of New York*, 49 NY2d 557, 562). Furthermore, the building engineer's testimony that no work was done by it or its contractors on adjacent City property also remains unrefuted.

The most that can be determined from plaintiff's evidence is that the accident did not occur on Metropolitan Life's property. The City, rather than Metropolitan Life, is responsible for maintaining City sidewalks. As we have stated the general rule: "the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose" (*Otero v City of New York*, 213 AD2d 339, 339-340 [1995]). Absent evidence establishing such a duty of the adjacent property owner, summary judgment is warranted (*id.*). No such evidence is presented here. Indeed, no competent evidence controverts testimony by Metropolitan Life's building manager that there was no special use and that if there is a defect, it was not caused by Metropolitan Life. As such, Metropolitan Life is entitled to summary judgment dismissing the complaint against it on this basis also. Finally, as to all defendants, the facts and circumstances of this location, including the general condition of the sidewalk, the time of day and lighting conditions, insofar as they are set forth in the record, indicate a defect that is, at best, trivial (*Santiago v United Artists Communications*, 263 AD2d 407 [1999]; *Zaritsky v City of New York*, 248 AD2d 211 [1998]; *Morales v Riverbay Corp.*, 226 AD2d 271 [1996]; *compare Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165 [2000] [location of depression in concrete flooring of heavily congested train station potentially enhanced hazardous

nature of otherwise minor defect]). Concur—Tom, J.P., Andrias, Rosenberger and Friedman, JJ.