■ RICHARD DURANTE, Individually and as Parent and Natural Guardian of ALICIA DURANTE, an Infant, Appellant, v KENMORE-TONAWANDA UNION FREE SCHOOL DISTRICT, Respondent. [769 NYS2d 812]—

Appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered September 16, 2002, which granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his seven-year-old daughter when she tripped and fell while ascending the stairs leading into her elementary school. Supreme Court erred in granting defendant's motion seeking summary judgment dismissing the complaint. Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised an issue of fact sufficient to defeat the motion (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Plaintiff's daughter fell as she attempted to step onto the top stair, and photographs submitted by plaintiff establish that there is a height differential between the riser of the second stair from the top and the riser on the top stair. Plaintiff, a carpenter with 22 years of experience in construction, submitted an affidavit stating that the height differential resulted from the fact that the concrete stairs had settled over time. Plaintiff further stated that the riser of the lower stair measured $5^1/_8$ inches and the riser of the top stair measured $7^1/_4$ inches, a difference of $2^1/_8$ inches. "Whether a particular height differential between [stairs] constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (*Tesak v Marine Midland Bank,* 254 AD2d 717, 717-718 [1998]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]). "Whether a particular condition gives rise to liability for negligent maintenance is generally an issue of fact for the jury" (*Tesak,* 254 AD2d at 718; *cf. Smolen v Kmart, Inc.* [appeal No. 2], 2 AD3d 1438 [2003]). We therefore reverse the order, deny defendant's motion and reinstate the complaint. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.