■ DIANE SCHAAF, Appellant, v PORK CHOP, INC., et al., Respondents. [807 NYS2d 773]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 30, 2004 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when her foot became caught in a crack in the sidewalk adjacent to defendants' business, causing her to fall forward into the building. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Defendants failed to meet their burden of establishing as a matter of law that they are relieved of liability because they did not create the defect in the sidewalk or because the defect was open and obvious (*see Pagano v Rite-*

*Aid Corp.*, 266 AD2d 854 [1999]), nor did they establish as a matter of law that the crack was too trivial to constitute a dangerous or defective condition (*see Stewart v 7-Eleven, Inc.*, 302 AD2d 881 [2003]; *McKenzie v Crossroads Arena*, 291 AD2d 860, 860-861 [2002], *lv dismissed* 98 NY2d 647 [2002]). Defendants also failed to meet their burden of establishing that they lacked actual or constructive notice of the allegedly dangerous condition that caused the accident (*see Romero v Jamaica Hosp.*, 295 AD2d 492 [2002]). In any event, even assuming, arguendo, that defendants met their burden with respect to actual or constructive notice, we conclude that the affidavit of plaintiff's investigator raises a triable issue of fact with respect thereto. Contrary to defendants' contention, the admissions attributed to defendant Billy Roesch in the investigator's affidavit constitute admissible evidence (*see Reynolds v City of New York*, 221 AD2d 185 [1995]; Prince, Richardson on Evidence § 8-202 [Farrell 11th ed]). Although plaintiff's attorney should have disclosed Roesch's admissions in response to defendants' discovery demand, there is no indication that the failure to do so was willful or contumacious (*see Gutz v County of Monroe*, 221 AD2d 838, 839-840 [1995]). Moreover, the prejudice to defendants was minimal because they had notice of the investigator's interview with Roesch (*see id.* at 840), and they may still depose the investigator (*see Martin v NYRAC, Inc.*, 258 AD2d 443, 443-444 [1999]). Thus, the investigator's affidavit may properly be considered in opposition to defendants' motion (*see generally Gutz*, 221 AD2d at 840). Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.