◼ MIGDALIA FLORES, Respondent, v JEFFREY M. BROWN CONSTRUCTION ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. SARATOGA SECURITY SERVICES, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [813 NYS2d 776]—

In an action to recover damages for personal injuries, the defendants Jeffrey M. Brown Construction Associates and Jeffrey M. Brown, doing business as Jeffrey M. Brown Construction Associates appeal, and Center for Nursing & Rehabilitation separately appeals, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 15, 2004, as

denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and partial summary judgment on the third-party cause of action seeking contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

The plaintiff, during the course of her employment duties as a security guard, allegedly was injured when she fell into a hole that was covered by a wooden plank at a construction site owned by the defendant Center for Nursing.& Rehabilitation (hereinafter the Center). The third-party defendant, Saratoga Security Services, Inc. (hereinafter Saratoga), was subcontracted by the defendant Jeffrey M. Brown Construction Associates and Jeffrey M. Brown, doing business as Jeffrey M. Brown Construction Associates (hereinafter collectively Brown) to perform security services at the site. The Supreme Court, inter alia, denied that branch of the cross motion of Brown and the Center which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that triable issues of fact existed as to their negligence. The Supreme Court also denied that branch of their cross motion which was for partial summary judgment on the cause of action in the third-party complaint seeking contractual indemnification from Saratoga. We affirm.

The evidence established that a wooden plank was placed across a hole measuring approximately seven feet long and five feet deep. Brown and the Center failed to establish, as a matter of law, that the alleged defect was not an inherently dangerous condition that could pose an undue risk of harm to persons such as the plaintiff attempting to traverse the hole by means of a wooden plank (*see Wilson v Time Warner Cable,* 6 AD3d 801 [2004]; *Pagano v Rite-Aid Corp.,* 266 AD2d 854 [1999]). Accordingly, the Supreme Court properly denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against Brown and the Center.

To the extent that Brown and the Center seek contractual indemnification from Saratoga for their own negligence, if any, pursuant to a provision of a subcontract between Brown and Saratoga, the provision is not enforceable as it is against fundamental New York State public policy (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 794 [1997]; *Bopp v A.M. Rizzo Elec. Contrs., Inc.,* 19 AD3d 348, 351 [2005]; *Kennelty v Darlind Constr.,* 260 AD2d 443, 446 [1999]; *Danielson v Jameco Operating Corp.,* 20 AD3d 446, 448 [2005]; General Obligations Law § 5-322.1). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.