■ Michelle Spencer, Appellant, v Crothall Healthcare, Inc., et al., Respondents. [834 NYS2d 194]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered August 19, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from an accident that occurred at Sound Shore Hospital. The plaintiff, an employee of the hospital, was

delivering food to one of the patients, when she slipped and fell, injuring herself in the process. As she lay on the floor, she noticed a puddle of water and a "wet floor" sign behind a door leaning against the wall. As a result of the accident, the plaintiff collected workers' compensation benefits from her employer and then commenced this personal injury action against, among others, the defendant Crothall Healthcare, Inc., which managed the hospital's housekeeping department.

After discovery, the defendants moved for leave to amend their answer to add the defense that the plaintiff's exclusive remedy was under the Workers' Compensation Law and then for summary judgment dismissing the complaint upon that ground. The plaintiff opposed the motion arguing that the housekeeping staff members were "special employees" of the defendants, and as such, the defendants would not have immunity from this suit under the Workers' Compensation Law. The Supreme Court, inter alia, granted the defendants' motion, and the plaintiff now appeals from so much of the order as granted summary judgment to the defendants.

A general employee of one employer may also be a special employee of another employer (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). Further, the general employment is presumed to continue and this presumption can be rebutted only upon "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (Thompson v Grumman Aerospace Corp., supra at 557). Here, the hospital did not surrender control of the employees as it paid their wages, provided them with workers' compensation insurance, and made the final decision to hire, discipline, or fire them. Since the members of the housekeeping staff are general employees of the hospital, the plaintiff is precluded by the exclusivity provision of the Workers' Compensation Law from bringing this action against the defendants (see Cronin v Perry, 244 AD2d 448, 449 [1997]). In opposition to the defendants' establishment of their prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint was properly granted.

The plaintiff's contentions with respect to discovery are not properly before this Court as her notice of appeal limited the scope of the appeal to the granting of that branch of the defendants' motion which was for summary judgment dismissing the complaint only (see Vias v Rohan, 119 AD2d 672 [1986]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.