■ DARIUSZ KALINSKY et al., Plaintiffs, v JEFFREY L. SQUARE et al., Defendants, BROOKLYN UNION GAS COMPANY, Respondent, and HALLEN CONSTRUCTION COMPANY, INC., Appellant. (And a Third-Party Action.) [838 NYS2d 662]—

In an action to recover damages for personal injuries, the defendant Hallen Construction Company, Inc., appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 20, 2005, which, upon a jury verdict finding the defendant Jeffrey L. Square 65% at fault, the defendant Hallen Construction Company, Inc., 18% at fault, and the defendant Brooklyn Union Gas Company 17% at fault in the happening of the accident, granted the oral application of the defendant Brooklyn Union Gas Company for contractual indemnification against it.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the oral application of the defendant Brooklyn Union Gas Company for contractual indemnification against the defendant Hallen Construction Company, Inc., is denied.

In light of the jury's findings that the defendant Brooklyn Union Gas Company (hereinafter BUG) was negligent and that such negligence was a substantial factor in causing the subject accident, BUG was barred, under General Obligations Law § 5-322.1, from seeking contractual indemnification against the defendant Hallen Construction Company, Inc., pursuant to a broadly-worded provision contemplating full indemnification (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Brooks v Judlau Contr., Inc.*, 39 AD3d 447 [2007]; *Flores v Jeffrey M. Brown Constr. Assoc.*, 28 AD3d 711, 712 [2006]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 511 [2002]). Accordingly, the Supreme Court erred in granting BUG's oral application for contractual indemnification.

The parties' remaining contentions either are improperly raised for the first time on appeal or without merit. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.