**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

736
CA 14-02183
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

KELSEY D. COVELL, PLAINTIFF-APPELLANT,

V                                                              MEMORANDUM AND ORDER

SAMANTHA M. SLOCUM, DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 11, 2014. The order and judgment granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained when she was struck by a vehicle operated by defendant on the street in front of plaintiff's house. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint.

Even assuming, arguendo, that defendant met her initial burden on the motion, we conclude that plaintiff's opposing papers demonstrated the existence of a triable issue of fact requiring denial of defendant's motion. Specifically, plaintiff submitted the affidavit of a witness who averred that, immediately after the accident, defendant essentially stated that she had not seen plaintiff prior to the collision. We reject defendant's contention that we should decline to consider that witness's affidavit because plaintiff failed to disclose the witness's identity and/or defendant's alleged statements in responding to defendant's discovery demands. Although defendant's "admissions" should have been disclosed during discovery, "there is no indication that the failure to do so was willful or contumacious" and, therefore, the affidavit "may properly be considered in opposition to defendant['s] motion" (*Schaaf v Pork Chop, Inc.*, 24 AD3d 1277, 1278). Nevertheless, in light of plaintiff's failure to disclose, we further conclude that, upon appropriate motion from defendant, the court should afford defendant additional rights of

discovery pursuant to 22 NYCRR 202.21 (d) (*see generally Gendusa v Yu Lin Chen*, 71 AD3d 1085, 1086; *Schaaf*, 24 AD3d at 1278).

Entered: July 10, 2015

Frances E. Cafarell
Clerk of the Court