■ STEPHANIE PERKINS, Respondent, v CROTHALL HEALTH-CARE, INC., Doing Business as CROTHALL ENVIRONMENT SERVICE, Appellant. [51 NYS3d 118]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), entered June 10, 2015, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging vicarious liability and negligent supervision and training.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging vicarious liability and negligent supervision and training are granted.

The plaintiff, while employed as a nurse by the nonparty New York City Health and Hospital Corporation (hereinafter HHC) at Woodhull Hospital, allegedly was injured when she was struck by a wheeled ultraviolet machine operated by a housekeeping supervisor, also employed by HHC at Woodhull Hospital. After the incident, the plaintiff filed a claim for Workers' Compensation benefits from HHC's workers' compensation insurer and collected Workers' Compensation benefits.

The plaintiff commenced this action against the defendant, which was under contract with HHC to provide housekeeping management services at Woodhull Hospital. The defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging vicarious liability and negligent supervision and training.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment" (*Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623 [2011]). "A general employee of one employer may also be [the] special employee of another employer" (*Spencer v Crothall Healthcare, Inc.*, 38 AD3d 527, 528 [2007]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). "The special servant rule applies only where the usual employer relinquishes control of the servant to another person, thereby making the servant a special employee of the other person and making that person, rather than the usual employer, liable for the servant's acts" (*Reinitz v Arc Elec. Constr. Co.*, 104 AD2d 247, 250 [1984]). General employment is presumed to continue and such "presumption can be rebutted only upon 'clear demonstration of surrender of control by the general employer and assumption of control by the special employer' " (*Spencer v Crothall Healthcare, Inc.*, 38 AD3d at

528, quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557).

Here, through deposition testimony and the contract between the defendant and HHC, the defendant established that HHC did not surrender control of its housekeeping staff, including the housekeeping supervisor involved in this incident, as it, inter alia, paid the staff's wages and had the final decision-making power to hire, discipline, or fire any of its members (*see Spencer v Crothall Healthcare, Inc.*, 38 AD3d at 528). Consequently, the defendant established that it was not vicariously liable, as a special employer, for the actions of the housekeeping supervisor (*see id.*).

Moreover, although the defendant had a contract with HHC to provide housekeeping management services at the hospital, "[a] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). The defendant demonstrated that it did not launch a force or instrument of harm in failing to exercise reasonable care in the performance of its duties under the contract, to which the plaintiff was not a party, that the plaintiff did not detrimentally rely on its performance of its duties under the contract, or that it entirely displaced HHC's duty to maintain the hospital in a safe manner (*see id.* at 140). Thus, the defendant demonstrated, as a matter of law, that it did not assume a duty of care to the plaintiff with respect to the actions of the housekeeping supervisor by entering into a management agreement with HHC (*see id.* at 142).

In opposition, the plaintiff failed to raise a triable issue of fact (*see id.*; *Spencer v Crothall Healthcare, Inc.*, 38 AD3d at 528).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging vicarious liability and negligent supervision and training. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.