Woodruff v Islandwide Carpentry Contrs., Inc. (2023 NY Slip Op 06558)

Woodruff v Islandwide Carpentry Contrs., Inc.

2023 NY Slip Op 06558

Decided on December 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-07040
 (Index No. 507307/13)

[*1]Patricia A. Woodruff, etc., appellant, 
v
Islandwide Carpentry Contractors, Inc., et al., defendants, Islandwide Construction & Development Agency, respondent.

Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for appellant.
Kevin P. Westerman, Garden City, NY (Austin P. Murphy, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 19, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Islandwide Construction & Development Agency which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2010, Ralph Woodruff (hereinafter the decedent), an employee of general contractor Titan Realty & Construction, LLC (hereinafter Titan), allegedly was injured while repairing a ceiling installed by subcontractor Islandwide Construction & Development Agency (hereinafter the defendant) at a townhouse in Brooklyn (hereinafter the job site). During the gut renovation of the job site, Titan's project manager and owner instructed the decedent to spackle a portion of the second-floor ceiling that the defendant allegedly had installed but left unfinished, which was at or near a stairwell connecting the first and second floors. The decedent stood on a stairwell railing to spackle the ceiling. He slipped on the railing and fell down the stairwell onto the first floor, sustaining injuries.
The decedent, and his wife suing derivatively, commenced this action against, among others, the defendant, inter alia, to recover damages for violations of Labor Law §§ 240(1) and 241(6). The defendant moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, asserting that it was not a statutory agent of the owners or the general contractor. The Supreme Court granted those branches of the defendant's motion. The plaintiffs appealed, and the decedent subsequently died. The decedent's wife, as the administrator of his estate, has been substituted for the decedent.
Labor Law §§ 240(1) and 241(6) impose liability for certain workplace safety violations upon owners, contractors, and their agents. "To hold a defendant liable as an agent of the general contractor or owner for violations of Labor Law §§ 240(1) and 241(6), there must be a [*2]showing that it had the authority to supervise and control the work that brought about the injury" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293; Russin v Louis N. Picciano & Son, 54 NY2d 311, 318). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right" (Navarra v Hannon, 197 AD3d 474, 476 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502).
Here, the defendant established, prima facie, that it was not an agent of the owners or Titan. The defendant demonstrated, prima facie, that it was not at the job site on the day of the accident and that it did not have the authority to supervise or control the decedent's work (see Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571). A triable issue of fact was not raised in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court