DeMarco v C.A.C. Indus., Inc. (2025 NY Slip Op 05500)

DeMarco v C.A.C. Indus., Inc.

2025 NY Slip Op 05500

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-05979
 (Index No. 703521/17)

[*1]Peter DeMarco, respondent-appellant, 
v
C.A.C. Industries, Inc., appellant-respondent.

Nicole E. Lesperance, Melville, NY (Dominic Zafonte of counsel), for appellant-respondent.
Zaremba Brown, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 30, 2020. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence. The order, insofar as cross-appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-4.2 and 23-4.4, and denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-4.2 and 23-4.4.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained in January 2017 when, at an excavation site located in Queens, excavation walls collapsed on him as he was working in a trench to repair a water leak. The defendant was a contractor hired by the plaintiff's employer, the City of New York Department of Environmental Protection (hereinafter DEP), to provide a backhoe loader and an operating engineer for repair work, among other things. The plaintiff asserted causes of action, inter alia, alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
The defendant moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6), arguing, inter alia, that John Romeo, the operating engineer employed by the defendant who performed work at the excavation site, was DEP's special employee. The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-4.3 and 23-4.4. In an order entered [*2]July 30, 2020, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-4.2 and 23-4.4, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence, and denied the plaintiff's motion. The defendant appeals, and the plaintiff cross-appeals.
The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 200 cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-4.2 and 23-4.4. "Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Calle v City of New York, 212 AD3d 763, 765 [internal quotation marks omitted]; see Impagliazzo v Judlau Contr., Inc., ___ AD3d ___, ___, 2025 NY Slip Op 04771, *1). Where, as here, "a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable . . . under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Giraldo v Highmark Ind., LLC, 226 AD3d 874, 877 [internal quotation marks omitted]; see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698).
"To hold a defendant liable as an agent of the general contractor or the owner for violations of Labor Law § . . . 241(6), there must be a showing that it had the authority to supervise and control the work that brought about the injury" (Woodruff v Islandwide Carpentry Contrs., Inc., 222 AD3d 920, 921 [internal quotation marks omitted]; see Lamar v Hill Intl., Inc., 153 AD3d 685, 685).
Here, the defendant established, prima facie, that it lacked the authority to supervise or control the work site (see Uhl v D'Onofrio Gen. Contrs., Corp., 197 AD3d 770, 772-773; Marquez v L & M Dev. Partners, Inc., 141 AD3d at 699). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action. "'A general employee of one employer may also be [the] special employee of another employer'" (Perkins v Crothall Healthcare, Inc., 148 AD3d 1189, 1190, quoting Spencer v Crothall Healthcare, Inc., 38 AD3d 527, 528; see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no one is decisive" (Thompson v Grumman Aerospace Corp., 78 NY2d at 558). "'In determining whether a special employment relationship exists, a court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge'" (James v Highland Rehabilitation & Nursing Ctr., 222 AD3d 736, 737, quoting Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051). "A significant and weighty factor in determining whether a special employment relationship exists is 'who controls and directs the manner, details and ultimate result of the employee's work'" (Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558). "[G]eneral employment is presumed to continue and this presumption can be rebutted only upon 'clear demonstration of surrender of control by the general employer and assumption of control by the special employer'" (Spencer v Crothall Healthcare, Inc., 38 AD3d at 528, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 737). "The determination of special employment status is usually a question of fact and may only be made as a 'matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact'" (Abreu v Wel-Made Enters., Inc., 105 AD3d 878, 879, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558; see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 737).
Here, the defendant failed to establish, prima facie, that Romeo was DEP's special [*3]employee. The defendant's submissions indicated, inter alia, that it owned and stored the backhoes used to perform excavations and continued to pay Romeo's wages during the relevant period (see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d at 738; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1221).
"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third-party" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "'However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Calle v 16th Ave. Grocery, Inc., 219 AD3d 450, 451, quoting Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, triable issues of fact exist as to whether Romeo's excavation of the trench created or exacerbated the dangerous condition that caused the plaintiff's injuries (see Tamrazyan v 379 Ocean Parkway, LLC, 232 AD3d 736, 737-738; Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 843-844).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court