Valencia v Sol Goldman Invs. LLC
2026 NY Slip Op 03413
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Roberto Valencia et al., Plaintiffs-Respondents,
v
Sol Goldman Investments LLC, et al., Defendants-Respondents, KONE, Inc., Defendant-Appellant, Richter & Ratner Contracting Corp, et al., Defendants. _
Sol Goldman Investments LLC, et al., Third-Party Plaintiffs-Respondents,
CEMD Elevator Corp., Third-Party Defendant-Respondent, KONE, Inc., Third-Party Defendant-Appellant.

Decided and Entered: June 02, 2026
Index No. 151879/20|Appeal No. 6767|Case No. 2025-02877|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

O'Connor Karlitz McLaughlin PLLC, White Plains (Thomas O. O'Connor of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (Michael S. Warycha of counsel), for Roberto Valencia, respondent.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for Carlos Diez, respondent.
Ropers Majeski PC, New York (Artie Venti of counsel), for Sol Goldman Investments LLC, Pinnacle Industrial LLC, Gilbane Building Company, LLC, Extell 4110 LLC, 555 Tenth Avenue LLC and Gotham Construction Company, LLC, respondents.
Rosenbaum & Taylor, PC, White Plains (Scott P. Taylor of counsel), for CEMD Elevator Corp., respondent.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 2, 2025, which denied defendant/third-party defendant KONE, Inc.'s motion for summary judgment dismissing the amended complaint, the third-party complaint, and the cross-claims and third-party cross-claims of defendant/third-party defendant CEMD Elevator Corp., doing business as City Elevator, unanimously modified, on the law, without costs, to grant so much of KONE's motion as sought summary judgment dismissing the third-party claims for contractual indemnification and breach of contract for failure to procure insurance as against it, and otherwise affirmed, without costs.
KONE did not establish prima facie that its employees whose work may have caused or contributed to plaintiffs' accident were in City Elevator's special employment at the time of the accident, such that KONE would be exempt from liability as the employees' general employer (see generally Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]). Plaintiffs incorrectly posit that the special employment doctrine does not apply outside of the workers' compensation context (see e.g. PJI 2:238; Perkins v Crothall Healthcare, Inc., 148 AD3d 1189, 1190 [2d Dept 2017]; Reinitz v Arc Elec. Constr. Co., 104 AD2d 247, 250 [3d Dept 1984]). Nevertheless, KONE only argued in vague, conclusory terms that its employees were City Elevator's special employees. Moreover, in support of its motion, KONE submitted the deposition testimony of City Elevator's then-president that KONE was the de facto service company for the elevators at the time of plaintiffs' accident. KONE thereby adopted this testimony as accurate (see e.g. Ravi S.A. v Gyebi, 247 AD3d 635, 636 [1st Dept 2026]). KONE also submitted time ticket detail reports, bearing its logo, recounting work performed on the elevators prior to plaintiffs' accident. Accordingly, KONE failed to eliminate all issues of fact as to the applicability of the special employment doctrine.
[*2]
Moreover, KONE did not establish prima facie that it lacked notice of the dangerous condition that caused plaintiffs' accident. The time ticket detail reports that KONE submitted in support of its motion describe several incidents involving the elevator at issue, including one about two months earlier in which plaintiff Diez also was involved. These incidents raise issues of fact as to whether KONE had actual knowledge of a recurring dangerous condition involving the elevator, such that it may be charged with notice of the specific condition that caused plaintiffs' accident (see Early v Hilton Hotels Corp., 73 AD3d 559, 561 [1st Dept 2010]; Uhlich v Canada Dry Bottling Co. of N.Y., 305 AD2d 107, 107 [1st Dept 2003]; cf. Gutz v County of Monroe, 221 AD2d 838, 839 [3d Dept 1995] [the "plaintiff's proof would allow a jury to find that (the) defendant had constructive notice of the dangerous condition of the tiles on the stairs by virtue of its knowledge of the recurring problems with the tiles in other areas of the library"]).
Although KONE's expert engineer argues to the contrary, the expert's opinion does not account for the fact that whatever repair was performed two months earlier, in response to the incident, apparently failed to correct the defect. The expert offered no evidence to support his opinion that the elevator at issue "simply experienced a motor brake stop." To the extent that the defect that caused plaintiffs' accident may remain unknown, "[e]levator malfunctions are circumstances giving rise to the possible application of res ipsa loquitur to prove negligence" (Carter v New York City Hous. Auth., 176 AD3d 605, 606 [1st Dept 2019]). Accordingly, KONE also failed to eliminate all issues of fact as to whether it had notice of the dangerous condition involved in plaintiffs' accident.
Given these issues of fact as to its negligence, KONE was not entitled to summary judgment dismissing the cross- and third-party claims against it for common-law indemnification and contribution (see e.g. Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 895-896 [1st Dept 2003], lv denied 1 NY3d 504 [2003]). However, the third-party claims for contractual indemnification and breach of contract for failure to procure insurance should be dismissed, since no contract existed between the defendants/third-party plaintiffs and KONE (see e.g. Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026